IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICHOLAS J.,[1]

    Plaintiff,

v.     2:23-cv-00568-JMR

MARTIN O'MALLEY,[2] Commissioner
of the Social Security Administration,

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff Nicholas J.'s Motion to Reverse the Administrative Law Judge['s] (ALJ['s]) Unfavorable Decision Dated January 3, 2023, or Alternatively, to Remand the Case Back to the Administrative Law Judge (ALJ) (Doc. 16) and brief in support (Doc. 17), which was fully briefed on March 11, 2024.  Docs. 22–24.  The parties consented to my entering final judgment in this case pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b).  Docs. 7, 8, 10.  Having meticulously reviewed the entire record and being fully advised in the premises, I find that Plaintiff's motion is not well-taken, and it will be DENIED.

---

[1] Due to sensitive personal and medical information contained in this opinion, the Court uses only the plaintiff's first name and last initial.  In so doing, the Court balances the plaintiff's privacy interest in his personal medical information, *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015), and the public's interest in accessing the opinion, FED. R. CIV. P. 5.2(c)(2)(B).

[2] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023, and is automatically substituted as the defendant in this action.  FED. R. CIV. P. 25(d).

I.      **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[3] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation omitted). The Court must meticulously review the entire record, but it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (quotation omitted). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* (quotation omitted). While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citation omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*,

---

[3] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481, as it is in this case.

489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II. **Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[4] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

---

[4] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

**III.     Background and Procedural History**

Plaintiff was born in 1975, dropped out of high school but later earned a GED, and worked at various restaurants for short periods of time.  AR 41–42, 59, 230, 258–59.[5]  Plaintiff filed an application for Supplemental Security Income ("SSI") on March 18, 2020.  AR 230–37.  Plaintiff alleged disability since February 27, 2020, due to personality disorder, bipolar disorder, physical pain, mood disorder, back pain, depression, trouble holding jobs, trouble dealing with other people, aggressive behavior, and attention deficit disorder.  AR 230, 257.  The Social Security Administration ("SSA") denied his claim initially on September 3, 2020.  AR 115–18.  The SSA denied his claim on reconsideration on December 20, 2021.  AR 123–25.  Plaintiff requested a hearing before an ALJ.  AR 136–38.  On December 7, 2022, ALJ Holly Hansen held a hearing.  AR 35–65.  ALJ Hansen issued her unfavorable decision on January 3, 2023.  AR 14–34.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 18, 2020, his application date.  AR 19.  At step two, the ALJ found that Plaintiff had the following severe impairments:  degenerative disc disease, chronic pain syndrome, asthma, chronic sinusitis, obstructive sleep apnea, diabetes mellitus, hypertension, obesity, depression, anxiety, bipolar disorder, attention deficit disorder, and personality disorder.  *Id.*  The ALJ found Plaintiff's "gastro reflux," vertigo, and palpitations to be nonsevere impairments.  *Id.*

At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  AR 19–23.  Because the ALJ found that none

---

[5] Documents 11-1 through 11-11 comprise the sealed Administrative Record ("AR").  When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

of the impairments met a Listing, the ALJ assessed Plaintiff's RFC.  AR 23–27.  The ALJ found

Plaintiff had the RFC to

> to perform sedentary work as defined in 20 CFR 416.967(a), except he can occasionally balance and stoop; never kneel, crouch, crawl, or climb; occasionally reach overhead bilaterally; never be exposed to concentrated exposure of pulmonary irritants such as gases or fumes; and he can perform simple, routine, and repetitive work with occasional interaction with coworkers, supervisors, and the general public.

AR 23.

At step four, the ALJ found that Plaintiff did not have any past relevant work.  AR 27.  The ALJ found Plaintiff not disabled at step five because he could perform jobs that exist in significant numbers in the national economy—such as surveillance system monitor, tube clerk, and addressing clerk.  AR 28.

Plaintiff requested review by the Appeals Council.  AR 218–26.  On May 18, 2023, the Appeals Council denied the request for review.  AR 1–6.  Plaintiff timely filed his appeal to this Court on July 7, 2023.  Doc. 2.[6]

### IV.   Plaintiff's Claims

Plaintiff raises three arguments for reversing and remanding this case: (1) the ALJ's decision is not supported by substantial evidence; (2) the ALJ failed to consider the vocational expert's ("VE's") testimony that being off task twenty percent of the time would preclude competitive employment; and (3) the ALJ failed to consider his impairments in combination.  Doc. 17 at 7–14.  The Commissioner, on the other hand, insists that the ALJ's decision is supported by substantial evidence and is free from harmful legal error.  Doc. 22 at 3–4.  As

---

[6] A claimant has sixty days to file an appeal.  The sixty days begins running five days after the decision is mailed.  20 C.F.R. § 416.1481; *see also* AR 2.

explained below, the Court agrees with the Commissioner and will therefore affirm the ALJ's decision.

V.  **Analysis**

  **A. Plaintiff fails to demonstrate that the ALJ's decision is not supported by substantial evidence.**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because she "failed to consider" numerous "material medical records." Doc. 17 at 7. He goes on to assert that the ALJ was required "to at least articulate these records and explain why she did not adopt the conclusions therein." *Id.* With little explication or explanation, Plaintiff then lists a litany of records the ALJ purportedly failed to consider. *Id.* at 7–11. Yet, he does not explain how these records render the ALJ's decision unsupported by substantial evidence. In fact—other than merely noting that the ALJ limited him to sedentary work and arguing, with minimal analysis, that the ALJ erred in finding Dr. Rhonda Polakoff's opinion unsupported—Plaintiff does not discuss the ALJ's decision at all. *Id.* at 7–12. The Commissioner asserts that the ALJ "reasonably evaluated" Plaintiff's RFC and supported her decision with substantial evidence. Doc. 22 at 4–9. The Commissioner asserts that Plaintiff does not show legal error, and merely asks the Court to reweigh the evidence. For the reasons explained below, the Court agrees with the Commissioner.

Plaintiff fails to show that the ALJ did not consider the relevant medical evidence or that the ALJ's decision is not supported by substantial evidence. First, many of the records that Plaintiff claims the ALJ "failed to consider" were explicitly discussed by the ALJ when assessing Plaintiff's RFC:

1. Plaintiff claims that the ALJ failed to consider a July 24, 2020 medical record showing that he received a sacroiliac ("SI") joint injection. Doc. 17 at 8. The ALJ specifically

      discussed the fact that Plaintiff received a SI joint injection in July of 2020. AR 24 (citing Exh. 20F).[7]

2. Plaintiff claims that the ALJ failed to consider a September 22, 2020[8] surgical report showing radiofrequency ablation of four of his sacral vertebrae. Doc. 17 at 8. The ALJ specifically cited this record. AR 24 (citing AR 1130 (Exh. 20F at 34)).
3. Plaintiff claims that the ALJ failed to consider a December 2, 2020 surgical report showing medial branch blocks in his lumbar spine. Doc. 17 at 8. The ALJ specifically cited this record. AR 24 (citing AR 1119 (Exh. 20F at 23)).
4. Plaintiff claims that the ALJ failed to consider a surgical report from January 18, 2021[9] showing radiofrequency ablation of his lumbar vertebrae. Doc. 17 at 8. The ALJ specifically cited this record. AR 24 (citing AR 1110 (Exh. 20F at 14)).
5. Plaintiff claims that the ALJ failed to consider an office visit with New Mexico Pain Center on April 5, 2022. Doc. 17 at 8–9. The ALJ specifically cited this record. AR 25 (citing AR 1470, 1474 (Exh. 28F at 1, 5)).
6. Plaintiff claims that the ALJ failed to consider an office visit to Mesilla Valley Health Care on September 13, 2022 where he reported back and neck pain. Doc. 17 at 9. The ALJ specifically cited this record and discussed the findings contained therein in detail. AR 25 (citing AR 1621–22 (Exh. 28F at 5–6)).

The ALJ's explicit discussion of the records that Plaintiff claims the ALJ "failed to consider" clearly undermines Plaintiff's assertions.

    Second, Plaintiff offers no support for his argument that the ALJ failed to consider the remaining records he cites. While an ALJ must consider all of the relevant medical evidence, the ALJ is not required to discuss every piece of evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). "There is obviously no requirement that the ALJ reference everything in the administrative record." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010). Nor is the ALJ

---

[7] Although the ALJ did not include the specific page citation, Plaintiff's July 24, 2020 sacroiliac joint injection is documented at AR 1139 (Exh. 20F at 43).

[8] Plaintiff erroneously lists the date of this report as September 25, 2022. Doc. 17 at 8.

[9] Plaintiff erroneously lists the date of this report as January 1, 2021. Doc. 17 at 8.

"required to discuss every treatment note contained in the record." *Maroney v. Saul*, No. 20-CV-00343-NRN, 2020 WL 7868067, at *4 (D. Colo. Dec. 30, 2020).

The bulk of the records that Plaintiff claims the ALJ failed to consider discuss his reports of neck, back, and shoulder pain, and the various injections and ablations he received to treat this pain. *See* Doc. 17 at 8–10. However, the Court agrees with the Commissioner that the ALJ adequately discussed Plaintiff's reports of pain and the treatment he received for the same. *See* Doc. 22 at 5. The ALJ noted Plaintiff's hearing testimony where he "alleged various pain symptoms throughout his body, including his hands, feet, neck, shoulders, back, hips, and legs." AR 24. The ALJ also noted Plaintiff's reports to the agency that he had pain throughout his body. AR 24 (citing AR 302–03 (Exh. 9E)). The ALJ discussed Plaintiff's complaints of pain to his medical providers. AR 24–25 (citing AR 654 (Exh. 11F at 4) (discussing pain management records and assessments of sacroiliitis, low back pain, cervicalgia, myalgia, chronic pain syndrome); AR 1621–22 (Exh. 29F at 5–6) (discussing a September 13, 2022 complaint of shoulder pain and discussion about his current pain management regimen)). The ALJ also explicitly discussed Plaintiff's ablations and sacroiliac joint injections related to his pain. AR 24–25 (citing AR 1110 (Exh. 20F at 14) (report of January 18, 2021 lumbar medial branch radiofrequency ablation); AR 1119 (Exh. 20F at 23) (report of December 2, 2020 medial branch blocks); AR 1121 (Exh. 20F at 25) (report of November 18, 2020 lumbar medial branch blocks); AR 1130 (Exh. 20F at 34) (report of September 22, 2020 sacral medial branch radiofrequency ablation); AR 1139 (Exh. 20F at 43)[10] (report of July 24, 2020 left sacroiliac

---

[10] The ALJ discussed the fact that Plaintiff received the procedure in July of 2020, but the ALJ did not include the pinpoint citation in her decision.

joint injection); AR 1470 (Exh. 28F at 1) (report of April 5, 2022 left shoulder joint injection)). The ALJ adequately discussed Plaintiff's pain and treatment thereof.

Plaintiff does not argue that the ALJ was legally required to discuss the specific records that he lists, and fails to show how the specific records he lists render the ALJ's decision unsupported by substantial evidence. The Court will not develop arguments or analysis on Plaintiff's behalf. Plaintiff's list of medical records without analysis constitutes nothing more than an invitation to the Court to reweigh the evidence. This the Court cannot do. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's.").

Third, Plaintiff fails to show that the ALJ erred by ignoring medical evidence consistent with the opinion of mental consultative examiner Dr. Rhonda Polakoff. *See* AR 981–86 (Dr. Polakoff's Mental Evaluation of Plaintiff). Plaintiff argues that the ALJ erred in rejecting the mental limitations in Dr. Polakoff's opinion by "ignor[ing] the medical examination results that . . . support Dr. Polakoff's conclusion[s]." Doc. 17 at 12. Plaintiff cites three records he claims support this argument. Once again, however, Plaintiff does not allege that the ALJ legally erred by failing to explicitly discuss the records he cites. Nor does Plaintiff demonstrate that the records he cites render the ALJ's discussion of Dr. Polakoff's opinions unsupported by substantial evidence. As such, Plaintiff fails to show any reversible error in the ALJ's consideration of Dr. Polakoff's opinion.

The first piece of evidence Plaintiff claims that the ALJ ignored is a psychological assessment performed at the Glenwood Center in May of 2010. Doc. 17 at 12. This evidence predates, by approximately a decade, Plaintiff's alleged onset date of February 27, 2020, AR 230, and Dr. Polakoff's August 27, 2020 mental evaluation of Plaintiff, AR 981–86. The

9

Commissioner argues that Plaintiff's "cursory argument does not establish that the ALJ was required to discuss this decade-old evidence when evaluating Dr. Polakoff's opinions let alone establish that it was so persuasive that it otherwise overwhelmed the ALJ's evaluation of the consistency of Dr. Polakoff's opinions." Doc. 22 at 9. The Court agrees. *See Beck v. Saul,* No. 19cv401 CG, 2020 WL 1703333, at *6 (D.N.M. Apr. 8, 2020) (finding that medical records predating the alleged onset date by fifteen years had little bearing on the claimant's mental condition during the relevant time period, and thus the absence of ALJ discussion was not reversible error).

The second piece of evidence Plaintiff claims the ALJ ignored is a record from a July 7, 2022 visit to Mesilla Valley Health Care that states: "ADHD — Adderall not covered by insurance[.] [R]eports diagnosis in 5th grade, has severe difficulty organizing tasks, staying focused, easily distracted and talks excessively[.]" Doc. 17 at 12 (quoting AR 1636). Plaintiff offers no explanation of why the ALJ was required to discuss this particular note in assessing the persuasiveness or Dr. Polakoff's opinion, nor is it obvious. A review of the record shows that the treatment note is not particularly salient to assessing Plaintiff's limitations from ADHD or in assessing Dr. Polakoff's opinion. The language Plaintiff quotes from the July 7, 2022 visit is what Plaintiff self-reported to his provider about the history of his ADHD. AR 1636 (in the History of Present Illness section). In addition, the treatment section of the same visit shows that Plaintiff was prescribed a generic version of Adderall.[11] AR 1637. A visit on August 9, 2022 to the same provider shows that Plaintiff stopped taking the Adderall after four days due to "severe

---

[11] Dextroamphetamine-amphetamine is a generic version of Adderall. *Dextroamphetamine and Amphetamine*, MEDLINE PLUS, https://medlineplus.gov/druginfo/meds/a601234.html [https://perma.cc/8UN3-AAMB].

headache and ringing in ears." AR 1629.  A visit on September 13, 2022 to the same provider indicates that Plaintiff's ADHD "improved with restarting bupropion." AR 1621.  The ALJ specifically discussed this September 13, 2022 record, noting that Plaintiff "was described as having attention deficit hyperactivity disorder that was improved with restarting Bupropion.  The claimant's attention deficit hyperactivity disorder was noted to date back to the fifth grade. . . . Mentally, he was reported to have a normal mood, normal affect, and was active and alert.  He was described as oriented to time, place, and person." AR 25 (citing AR 1621–22 (Exh. 29F at 5–6)).  Given this context, the Court sees no reason the ALJ was required to discuss the July 7, 2022 note that Plaintiff cites.  Plaintiff merely quotes a select bit of information that he self-reported about his ADHD, in a span of treatment notes showing evolving assessment and treatment of his ADHD, and where the ALJ specifically discussed the most recent treatment note pertaining to his ADHD.  Most fatal to Plaintiff's argument, however, is the fact that he, again, fails to show how the selected treatment note is consistent with Dr. Polakoff's opinion, or that the ALJ was legally required to discuss the selected treatment note.

Finally, Plaintiff cites a record that allegedly says "anger outburst, difficulty falling asleep, worse due to neck and shoulder pain, taking melatonin 10 mg." Doc. 17 at 12.  Plaintiff offers no citation to the record for this quote.  Even accepting this quote as being somewhere in the record, more problematic is the fact that Plaintiff fails to provide any explanation of how this "record" is consistent with Dr. Polakoff's opinion, and offers no legal or factual support for his claim that the ALJ "needed to explain her reasoning" for rejecting "those determinations." *Id*.

The three records that Plaintiff cites are not medical opinions that the ALJ was required to discuss.  Further, Plaintiff fails to show how these three records render the ALJ's analysis of

11

Dr. Polakoff's opinion unsupported by substantial evidence. The Court again declines to reweigh the evidence, and finds no basis for remand based on Plaintiff's arguments.

### B. The ALJ adequately considered the VE's testimony about time off task.

Plaintiff next argues that the ALJ failed to adequately consider the VE's testimony about time off task. Doc. 17 at 12–13. Specifically, he claims that because the ALJ asked the VE about a hypothetical claimant who would be off task for twenty percent of the time, the ALJ then had a duty to explicitly discuss whether Plaintiff's limitations would result in him being off task for twenty percent of the time. *Id*. at 13.

At the hearing, the ALJ asked the VE if there were jobs available in the national economy for

> an individual with the claimant's age, education, [and] work experience who can perform sedentary work, occasionally balance and stoop, never kneel, crouch, crawl, or climb, occasionally reach overhead bilaterally, never be exposed to concentrated exposure of pulmonary irritants such as gases or fumes, and can perform simple routine and repetitive work with occasional interaction with coworkers, supervisors, and the general public.

AR 61. The VE testified that an individual with these limitations would be able to perform the jobs of surveillance system monitor, tube clerk, and addressing clerk. AR 61–62. The ALJ then asked the VE if there were jobs available in the national economy for an individual with these same limitations, plus the additional limitation of being off task for twenty percent of the workday. AR 63. The VE testified that this additional limitation would preclude competitive employment. *Id.* Plaintiff's attorney then confirmed with the VE that missing twenty percent of work due to "lack of motivation and irritability" or twenty percent of each workday due to pain would preclude competitive employment. AR 63–64.

In her decision, the ALJ found that Plaintiff had the RFC that matched the hypothetical posed to the VE. *See* AR 23, 61. The ALJ, however, did not include any limitation in

12

Plaintiff's RFC indicating that he would be off task for twenty percent of the workday (or that he would be absent from work twenty percent of the time).

When an ALJ propounds a hypothetical question to the VE that includes all of the limitations the ALJ ultimately includes in the RFC, the ALJ may rely on the VE's testimony at step five. *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000). That said, "[b]y posing a particular hypothetical [to the VE], an ALJ does not confine herself to making an RFC determination mirroring the hypothetical limitations." *Ruth v. Astrue*, 369 F. App'x 929, 931 (10th Cir. 2010) (unpublished). An ALJ is "not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record." *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995). *See also Hankins v. Berryhill*, No. 1:15-CV-00091-PMW, 2017 WL 4325791, at *6 (D. Utah Sept. 27, 2017) (unpublished) (finding no error where the ALJ relied on only one of the three hypotheticals presented to the VE because "the ALJ was not required to include the additional limitations included in the second and third hypotheticals in the final determination of Plaintiff's RFC, or in his conclusion at step five"); *Wraspir v. Colvin*, No. CIV-14-0409-F, 2015 WL 5822048, at *16 (W.D. Okla. Oct. 5, 2015) (unpublished) ("There is no requirement that every condition included in a VE hypothetical that the ALJ does not rely upon in the decision must be supported by evidence in the record or included in the RFC determination.")

To the extent that Plaintiff is asserting that the ALJ erred in formulating his RFC by not finding Plaintiff would be off task twenty percent of the time, this argument is without merit. Particularly, Plaintiff claims that he would be off task for twenty percent of the time based on two pieces of evidence: (1) he stated in a letter to the ALJ that he has "insomnia, obesity, back, hip, heart issues, and sleep apnea [that] keep [him] from sleeping well so [he] would often be

13

very tired and in a lot of pain at work;" and (2) Dr. Polakoff's opinion shows that his "mental functioning was impaired to such an extent that [he] would be off-task for at least 20% of the time." Doc. 17 at 13 (citing AR 352–60). However, neither of these pieces of evidence state that Plaintiff would be off task for twenty percent of the workday.[12] In addition, the ALJ did a thorough assessment of Plaintiff's RFC. In assessing Plaintiff's RFC, the ALJ fully discussed his reported impairments and symptoms, including pain. AR 23–26. The ALJ also thoroughly discussed the medical evidence and the medical opinions. *Id*. And, importantly, the ALJ rejected Dr. Polakoff's opinions about Plaintiff's limitations, and Plaintiff fails to show any error in the ALJ doing so. *See* discussion *supra*. Plaintiff is unable to show any legal error with the ALJ's RFC analysis.

Plaintiff neither shows any error in the ALJ relying on the VE's testimony, nor any error in her not explicitly analyzing or including a limitation to being off task in his RFC. As such, the Court sees no basis for remand on this issue.

### C. The ALJ adequately considered Plaintiff's impairments in combination.

Plaintiff argues that the ALJ "failed to consider [his] impairments in combination." Doc. 17 at 13. Plaintiff claims this is true because he has twelve severe impairments and because "[i]t is clear that a combination of any or all of these impairments would require a finding of

---

[12] Because neither of the pieces of evidence Plaintiff cites explicitly state that Plaintiff would be off task for twenty percent of the time, the ALJ was not required to explicitly discuss this limitation in her decision. *See* SSR 96-8, 1996 WL 374184, at *7 (July 2, 1996) (ALJ only required to discuss a claimant's "symptom-related functional limitations and restrictions"); and 20 C.F.R. § 416.920c (requiring ALJ to discuss the persuasiveness of a medical opinion— which is defined by 20 C.F.R. § 416.913(a)(2) as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions . . . .").

disability." *Id*. at 14.  This circular argument is without merit.  The fact that the ALJ did not find Plaintiff disabled does not show that the ALJ failed to consider his impairments in combination.

An ALJ must consider the combined effect of all the claimant's impairments, both severe and non-severe, throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923(c) (effective March 27, 2017); *Langley*, 373 F.3d at 1123–24.  Plaintiff fails to demonstrate any failure on the part of the ALJ to do so.

The ALJ adequately considered the combination of Plaintiff's impairments throughout the disability determination process.  At step three, the ALJ stated that she considered whether Plaintiff had an impairment or combination of impairments that met or medically equaled the severity of a listed impairment, and concluded that he did not.  AR 19–23.  The ALJ also considered Plaintiff's obesity in combination with his other impairments at step three.  AR 21.  In assessing Plaintiff's RFC, the ALJ stated that she had "considered all symptoms and the extent to which these symptoms can be accepted as consistent with the objective medical evidence and other evidence."  AR 23.  The ALJ further found that Plaintiff's statements about his symptoms were "not supported by the objective medical evidence of record that documents the extent of the restrictions caused by [his] combination of impairments, which restrictions are not disabling."  AR 24.  Finally, the ALJ adopted an RFC limiting Plaintiff to a range of simple, sedentary work with additional limitations in order to account for the limitations from the combination of his impairments.  AR 23–27.

The Court's "'general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter.'"  *Flaherty*, 515 F.3d at 1071 (quoting *Hackett*, 395 F.3d at 1173).  As in *Flaherty*, "the ALJ's discussion of the evidence and his reasons for his conclusions demonstrate that he considered all of [the

claimant's] impairments." *Flaherty*, 515 F.3d at 1071. Contrary to Plaintiff's assertions, the record reflects that the ALJ considered all Plaintiff's impairments in combination, and the Court finds no error.

## VI.     Conclusion

For the reasons stated above, the Court finds that the ALJ applied the correct legal standards, and her decision is supported by substantial evidence. None of Plaintiff's arguments have merit.

IT IS THEREFORE ORDERED that Nicholas J.'s Motion to Reverse the Administrative Law Judge['s] (ALJ) Unfavorable Decision Dated January 3, 2023, or Alternatively, to Remand the Case Back to the Administrative Law Judge (ALJ) (Doc. 16), is DENIED.

IT IS FURTHER ORDERED that the Commissioner's final decision is AFFIRMED, and this case is dismissed with prejudice.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent